**Robert Henry NICOLAUS, Plaintiff—Appellant,**

v.

**The FEDERAL BUREAU OF INVESTIGATION, Defendant—Appellee.**

No. 00–17067.

D.C. No. CV–95–03614–WHO.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2001.

Decided Dec. 20, 2001.

Before BRUNETTI, KLEINFELD, and THOMAS, Circuit Judges.

MEMORANDUM *

Robert Henry Nicolaus appeals the district court's dismissal of his action for injunctive relief against the Federal Bureau of Investigation, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Privacy Act, 5 U.S.C. § 552a. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

In a FOIA case, we must first determine "whether the district judge had an adequate factual basis for [its] decision, and if not, remand." *Fiduccia v. U.S. Dep't of Justice*, 185 F.3d 1035, 1040 (9th Cir.1999). If there is an adequate factual basis, we may reverse the district court's decision only for clear error. *Id.*

We conclude that the district court had an adequate factual record to review the FBI's rationale for withholding and redacting documents under FOIA. The FBI supplied two *Vaughn* indices and several exhaustive declarations. The indices and declarations identified each document withheld or redacted and the statutory exemption claimed, and they provided particularized explanations of how disclosure of the particular document would damage the interest protected by the claimed exemption. With these submissions, the district court had an adequate factual foundation upon which to make its findings. After a careful review of the record, briefs and arguments of counsel, we find no clear error in the district court's findings.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Nicolaus's argument that the district court failed to make adequate factual findings concerning the segregability of documents is waived for failure to present it in his opening brief. *See Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998).

**AFFIRMED.**